UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CONELLA MENEFEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:07-CV-202 PS |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Conella Menefee claims she was retaliated against by her employer UPS for her having filed a workers' compensation claim against the company, and UPS moves to dismiss the claim. [DE 29]. In particular, Menefee says that she was constructively discharged by UPS after she exercised her rights under Indiana's worker's compensation system. The problem is that Menefee was never actually discharged, constructively or otherwise, by UPS. Indeed, she remains in their employ to this day. Because she never lost her job, her claim does not even get to first base and must be dismissed.

**I. BACKGROUND**

According to her Amended Complaint, Menefee was hired by UPS as a package car driver in July 1994. (Amend. Compl. ¶ 3.) In 2003, she injured her back on the job and was taken off of work with "permanent" restrictions. (*Id*. ¶ 5.) She contacted the UPS District Workforce Planning Manager to ask about getting a reasonable accommodation under the terms of her union's collective bargaining agreement. (*Id*. ¶ 6.) On June 18, 2004, she received a letter from the Workforce Planning Manager stating that she was not eligible for a reasonable accommodation under the Americans with Disabilities Act (ADA). (*Id*. ¶ 7.) Menefee also asked several times to

be considered for a management position, but those requests were denied. (*Id.* ¶ 8.)

By March 2006, Menefee's condition improved and she passed a functional capacity evaluation for heavy lifting. (*Id.* ¶ 9.) The results of the evaluation indicated that she was qualified to work at the "HEAVY Physical Demand Level for an 8 hour day according to the Dictionary of Occupational Titles. Her specific acceptable Leg Life capability was 70.0 lb and Torso Lift capability was 80.0 lb " (*Id.*) Based on the evaluation, the company physician, Dr. Lazoff, released her to return to her duties as a package car driver with no restrictions on May 12, 2006. (*Id.* ¶ 10.) However, UPS refused to put Plaintiff back on the job and told her that the safety department needed to investigate her condition further. (*Id.* ¶ 11.) On May 18, 2006, she filed a grievance with her union asking to be reinstated to her former position. (*Id.* ¶ 12.) After she filed the grievance, she was told that she needed to see Dr. Lazoff a second time for another review of her condition. (*Id.* ¶ 13.) On July 28, 2006, Lazoff told Menefee that he could not release her to her old position because she could not lift 70 lbs. over her shoulder level. (*Id.* ¶ 14.) According to Menefee, package car drivers have never been required to lift 70 lbs. above the shoulder level. (*Id.*)

UPS then sent Menefee to Dr. Canavati, a neurologist, for a second opinion. (*Id.* ¶ 15.) On September 11, 2006, Dr. Canavati released Menefee to return to her job with no restrictions. (*Id.* ¶ 16.) UPS nonetheless would not reinstate Menefee and insisted that she be evaluated by yet another physician, Dr. Huler. (*Id.* ¶ 17.) In June 2007, Dr. Huler confirmed that Menefee could return to her former position. (*Id.* ¶ 18.) But UPS still refused to reinstate her. (*Id.* ¶ 19.) So in July 2007, Menefee filed a Title VII discrimination lawsuit against UPS. (*Id.* ¶ 21.) Once the lawsuit was filed, UPS finally invited Menefee back to work. (*Id.*)

On May 5, 2008, while her Title VII case was still pending, Menefee filed a second lawsuit, which she titled her "Amended" Complaint, alleging that UPS retaliated against her for making workers compensation complaints. (*Id.* ¶ 22.) That complaint was ultimately consolidated with her Title VII case. (DE 28.) In her Amended Complaint, Menefee asserts that she was constructively discharged by UPS when the company refused to reinstate her after Dr. Huler's examination. (*Id.* ¶ 19.) She also claims that UPS retaliated against her by: determining she was not eligible for ADA accommodation, refusing to promote her, repeatedly refusing to reinstate her, not paying her during her medical leave, overloading her route once she returned to work, and giving her the run-around after she was bit by an spider at work. (*Id.* ¶ 7-26.)

Menefee has since moved to amend her complaint, alleging that her constructive discharge actually occurred when UPS refused to reinstate her after Dr. Lazloff's examination in May 2006 – not after Dr. Huler's examination as she originally stated. (Second Am. Compl. ¶ 24.)

## II. DISCUSSION

UPS seeks dismissal of Menefee's retaliatory discharge and workers compensation retaliation claims for failure to state a claim. It argues that, under either complaint version, Menefee cannot establish a *prima facie* case of workers compensation retaliation because she was never discharged by the company and still continues to work there.

Rule 12(b)(6) provides for the dismissal of claims that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the Rule 12(b)(6) context, a district court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). While a complaint does not need detailed factual allegations to survive a motion to dismiss, a plaintiff is

required to provide more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). "[I]f the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). In other words, "if a plaintiff pleads facts which show he has no claim, then he has pled himself out of court." *Id.*

In *Frampton v. Central Indiana Gas Company*, 297 N.E.2d 425 (Ind. 1973), the Indiana Supreme Court recognized that an action for retaliatory discharge exists when an employee is discharged in retaliation for filing a worker's compensation claim. *Id.* at 427-28. Discharge–actual or constructive–is an essential element of a so-called *Frampton* claim. *See Powdertech, Inc v. Joganic*, 776 N.E.2d 1251, 1261-62 (Ind. Ct. App. 2002). Constructive discharge occurs "when an employer purposefully creates working conditions [that] are so intolerable that an employee has no other option but to resign." *Tony v. Elkhart County*, 851 N.E.2d 1032, 1037 (Ind. Ct. App. 2006). The doctrine treats an employee's resignation under these conditions as a firing. *Id.* Thus to establish constructive retaliatory discharge, a plaintiff must allege that she actually resigned from her employment. *See Baker v. Tremco, Inc.,* 890 N.E.2d 73, 80 (Ind. Ct. App. 2008); *see also Russo v. Hartford*, 351 F.Supp. 2d 85, 122 (D. Conn. 2004) ("The court is unaware of case law in which a plaintiff claims constructive discharge without termination (i.e., resignation) of employment.").

Menefee claims that UPS constructively discharged her by forcing her to stay on medical leave even though she had medical clearance to return to work. But this argument is a square peg

4

in a round hole. She does not claim that UPS made her working conditions so intolerable that she was compelled to resign. Nor does she never assert that she ever quit UPS and instead admits that she was reinstated to work in July 2007 and continues to work there to this day. Being forced to leave the job is the jumping off point for any constructive discharge complaint and since Menefee never left UPS there is no way she can prevail on her *Frampton* claim.

What Menefee is implicitly asking me to do is to extend *Frampton* to a situation where an employer refuses to allow an employee to return to work but does not officially fire the person. The concern in this situation is that the person is left in limbo – not sure whether they are employed any longer, and this could amount to a *de facto* termination. Theoretically, there might be a situation in which the Indiana courts would find that telling an employee that she cannot return from medical leave amounts to an actual discharge. But I am not aware of any such case that holds this, nor does Menefee point to any such case law. The Indiana Supreme Court has been very reluctant to extend *Frampton*. *Meyers v. Meyers*, 861 N.E.2d 704, 707 (Ind. 2007) (noting that "most cases have refused to extend *Frampton*"). It does not seem likely that the Supreme Court would extend *Frampton* to cover the type of situation at play here but if they were of the mind to do that, it would be the Supreme Court's decision to make, not mine. When I consider a supplemental state law claim, my job is to apply current Indiana Supreme Court cases to the facts at hand and not extend state law as Menefee tacitly asks me to do. *See Birchler v. Gehl Co.*, 88 F.3d 518, 521 (7th Cir. 1996). In sum, the state of the Indiana law is clear; Menefee's *Frampton* claim must fail because she was not constructively discharged and she was not actually terminated.

Menefee's attempt to amend her complaint does not save her *Frampton* claim either. Ordinarily, courts are directed to freely grant leave to amend complaints when justice so requires.

5

*See* FED. R. CIV. P. 15(2). However, the Court need not allow an amendment when the amendment would be futile. *Bethany Phamacal Co., Inc., v. QVC Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) ("An amendment is futile if the added claim would not survive a motion for summary judgment.") *Id.* Menefee's proposed amendment only alters *when* she claims she was constructively discharged. But even under her revised version of facts, she does not claim that she ever resigned or that she was actually discharged, so the additional information adds nothing to her claim.

In addition to her *Frampton* claim, Menefee alleges that UPS retaliated against her in a variety of other ways for making workers compensation complaints. But she does not point to any source of federal or state law in her pleadings or briefings that would make such acts of retaliation, short of discharge, actionable. Therefore, these claims must also be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's *Frampton* Claim [DE 29] is **GRANTED**. Per the Court's February 7, 2008 Order [DE 17], Plaintiff's § 1981 race and retaliation claims in their entirety, and Plaintiff's Title VII race and sex discrimination claims related to discriminatory acts that occurred after December 9, 2005, remain pending. The Court further **DENIES** Plaintiff's Motion to Amend Complaint to Conform with the Evidence [DE 33].

**SO ORDERED**.

ENTERED: October 21, 2008.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT